IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COMMITTEE FOR EFFICIENT
GOVERNMENT, LLC,
     5990 N. Federal Highway
     Fort Lauderdale, FL  33308

          Plaintiff,

v.

INTERNAL REVENUE SERVICE,
     Commissioner's Office
     1111 Constitution Avenue, N.W.
     Washington, DC  20224

     United States Attorney's Office
     District of Columbia
     555 4th Street, NW
     Washington, DC  20530

     United States Attorney General
     U.S. Department of Justice
     950 Pennsylvania Avenue, NW
     Washington, DC  20530-0001

          Defendant.
_____/

Case No.: _____

## **COMPLAINT**

Plaintiff, COMMITTEE FOR EFFICIENT GOVERNMENT, LLC, a Delaware Limited Liability Company ("CFEG"), files this Complaint to compel the INTERNAL REVENUE SERVICE ("IRS") to comply with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). This Complaint seeks declaratory relief that the IRS is in violation of FOIA for stonewalling Plaintiff's requests for records by failing to provide documents on any of the multiple FOIA requests and granting itself multiple unauthorized extensions.  Plaintiff also seeks injunctive relief directing the IRS to immediately and fully comply with Plaintiff's requests under FOIA.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 5 U.S.C. §552(a)(4)(B) and 28 U.S.C.

§ 1331.  It may grant declaratory relief pursuant to 28 U.S.C. § 2201, et seq. and award costs,

and attorneys' fees pursuant to 28 U.S.C. § 2412 and 5 U.S.C. § 552(a)(4)(E).

2.      Venue is proper pursuant to 28 U.S.C. § 1391(e)(1)(C) and 5 U.S.C.

§ 552(a)(4)(B).

## PARTIES

3.      Plaintiff, CFEG, is a Limited Liability Company organized and existing under the

laws of the state of Delaware with its principal place of business in Fort Lauderdale, Broward

County, Florida.  CFEG regularly requests access to public records of government agencies and

disseminates its findings to the public.

4.      Defendant, IRS, is an agency under 5 U.S.C. § 552(f)(1) which has possession,

custody, and control of records Plaintiff seeks to access.  The IRS has denied Plaintiff access by

persistent delays in providing records in violation of FOIA.  To date, the IRS has not provided

any of the requested records.

## OVERVIEW: IRS OBSTRUCTS PLAINTIFF'S ACCESS TO GOVERNMENT RECORDS UNDER FOIA

### I.      THE FOUNDING OF CFEG

5.      CFEG was formed in 2012 in response to the IRS's failure to address the identity

theft tax refund fraud problem which was costing United States taxpayers billions of dollars each

year, and generally to provide information about IRS waste and abuse to the public in all areas,

not just identity theft.

6.      CFEG's mission is to bring information to the public in order to bring

transparency to issues relating to the IRS, to act as a watchdog, and to educate the public and

lawmakers on issues of government losses through inefficiency, mismanagement, negligence, and waste.

7.      CFEG also seeks to find solutions to such problems through research, legislative and program changes, and initiatives.

8.      CFEG seeks to explore ways the government can operate more efficiently and to bring those solutions to legislators and the public to prevent additional waste of taxpayers' money.

9.      CFEG maintains a website in which it disseminates information to the public regarding government waste and abuse related to identity theft tax refund fraud and other IRS waste and fraud-related issues.

10.     CFEG also publicizes statistics, articles, government reports, Congressional hearings, and bills, related to IRS fraud issues to help victims of fraud involving the tax system and specifically the IRS.

11.     One focus of CFEG is the issue of the IRS's failure to protect taxpayers, and the U.S. Treasury, through its improper use of enforcement resources on less significant issues than the egregious identity theft tax refund fraud, the improper payments of Earned Income Tax Credits, the unlawful seizures of property and the failure to return the unlawfully seized property in a timely manner.

12.     As part of its purpose to educate the public, contribute to civic dialogue, promote government transparency, and protect taxpayers and the U.S. Treasury, CFEG and its attorney, Kenneth V. Hemmerle, II, P.A. ("KVH"), on behalf of CFEG, regularly send FOIA requests to the IRS.

13.     Obtaining information to act as a watchdog of the government and contribute to public understanding and awareness is a well-recognized public interest in the FOIA. Disclosure of the information requested by CFEG is likely to contribute significantly to the understanding by the public at large of the operations of the IRS, as the documents requested concern the performance of the statutory and regulatory duties of the IRS with regard to identity theft, unlawful seizures by the IRS, and other IRS waste.

## II.     THE IRS OBSTRUCTS PLAINTIFF'S ACCESS TO RECORDS

14.     Among other vulnerabilities plaguing the IRS is its recent failure to protect taxpayer information in connection with cyber security breaches and the resulting identity theft. In one recent incident first reported in May 2015, identity thieves obtained personal tax information for more than 700,000 taxpayers from the IRS's website.

15.     In response, the IRS issued Identity Protection PINs to taxpayers who had been victims of identity theft in order to combat fraudulently filed returns.   The IRS recently announced, however, that this had led to a new security breach in which hackers stole some of these PIN numbers.

16.     A recent report by the Treasury Inspector General for Tax Administration ("TIGTA") found that the IRS also failed to notify 100,000 taxpayers whose accounts were hacked.

17.     The IRS has failed in its duties by allowing an unprecedented number of citizens to become victims of identity theft.   In 2004, a total of approximately 2,008 taxpayers were affected and/or injured.   As of 2015, about 1.5 million taxpayers were affected by ID Theft Tax Refund Fraud.

18.     On April 8, 2016 members of the Senate Banking Committee asked the IRS Commissioner to inquire about a cyber hack where more than 130,000 supposedly secure

taxpayer PIN numbers were compromised and to see what the IRS is doing to protect taxpayer information.

19.     Information obtained through a FOIA request to the IRS by CFEG shows the increasing numbers of victims of identity theft, which went from over two thousand in 2004 to over a million in 2015.

20.     Honest taxpayers are subjected to delays and are forced to prove their identity to obtain a refund where a fraudulent refund has already been paid out.  TIGTA has called identity theft tax fraud a growing epidemic, and the costs continue to increase.

21.     According to a January 2015 Government Accountability Office ("GAO") report, it is estimated that the IRS paid out $5.8 billion in identity theft tax fraud refunds for the 2013 filing season.  In 2013, this made up 19% of tax refunds.  TIGTA estimates that the total cost of identity theft tax refund fraud will soon reach $21 billion.

22.     The IRS Commissioner told Congress in June 2015 that cyber-thieves responsible for a large IRS data breach discovered in May 2015 stole as much as $39 million by filing for fraudulent tax refunds after gaining access to taxpayer information.  In February, 2016 the IRS reported that cyber-thieves gained access to taxpayer accounts between January 2014, the launch of the Get Transcript function, and May 2015.  The IRS initially said approximately 100,000 taxpayer accounts had been compromised, then raised the total to as many as 334,000 in August 2015 and then added an additional 390,000 accounts, boosting the estimated total to more than 700,000 taxpayer accounts compromised as of February, 2016.  Cyber security experts have described the IRS system as a disaster, and, as such, the IRS has placed taxpayers at risk and cost them billions of dollars each year.

23.     Issues related to identity theft tax refund fraud are one of the issues addressed in FOIAs by CFEG and are one of the issues addressed on the CFEG website.

24.     Other important issues also plague the IRS and those issues are addressed in FOIAs that are the subject of this Complaint.

25.     For example, one FOIA request, which the IRS has stonewalled, was for documents and data pertaining to the seizure and forfeiture of taxpayers funds associated with legal structuring, where the IRS cannot show any illegal structuring of deposits under $10,000.

26.     The IRS's asset forfeiture policies have recently come under scrutiny. The House Ways and Means Oversight Subcommittee held hearings on the IRS seizures from small business owners, who find themselves left with little recourse once the IRS improperly seizes assets.

27.     The FOIA also requested documents showing how taxpayers who are critical of the IRS and who speak to the media are treated. This FOIA has been stonewalled.

28.     Another FOIA which has also been stonewalled, asked for a copy of the IRS's policy that prohibits the agency from awarding contracts to contractors and companies that have federal tax debt and felony convictions, as well as the data showing the number of contracts awarded to companies that had federal tax debt for the years 2010-2015, among other documents.

29.     Federal law prohibits the IRS from contracting with companies that have federal tax debt and felony convictions, though a TIGTA audit determined that the IRS has done both. A 2015 TIGTA report found that over $18 million in contracts were awarded to companies with tax debt in 2012 and 2013, while at least three contracts were awarded to a company with a felony conviction.  TIGTA stated that the IRS additionally failed to comply with regulations requiring companies to disclose tax debt and felony convictions.

30.     CFEG sent a FOIA request to the IRS seeking documents and data reflecting the amount spent by the IRS to respond to Congressional investigations in the years 2013-2015, and documents reflecting the IRS's FOIA backlog.  This FOIA has also been stonewalled.

31.     These congressional investigations involved numerous instances of IRS misconduct, including the targeting of Conservative and Libertarian groups as well as the agency's destruction of records relevant to ongoing inquiries and lawsuits. Earlier this year, members of the House Ways and Means Committee sent a letter to IRS Commissioner Koskinen asking about IRS retention policies after the IRS admitted it had destroyed protected records relevant to an ongoing FOIA lawsuit involving Microsoft.  The IRS was also the subject of congressional inquiries for its destruction of employee emails during the targeting scandal.

32.     Another FOIA request stonewalled by the IRS sought data reflecting how many subpoenas or warrants the IRS has issued or received to obtain taxpayers emails for specified years, while another sought data and documents pertaining to the IRS's use of Stingray surveillance technology (cell-site simulators which gather cellphone data by imitating a cell tower).

33.     CFEG sent a FOIA request to the IRS seeking data and documents reflecting that the IRS has improperly withheld information in about 12% of FOIA requests.  This FOIA has been stonewalled by the IRS, although this statistic was confirmed by TIGTA, who conducts an annual review of the IRS's compliance with FOIA to determine whether records have been improperly withheld.  In addition to improperly withholding records, TIGTA determined in its 2015 report that the number of backlogged requests to the IRS increased for the second year in a row.

34.     CFEG sent a FOIA request to the IRS seeking data reflecting the number of non-profit organizations, including those organized under 501(c)(3) and (c)(4), whose exempt status was revoked by the IRS for specified years.  In 2013, TIGTA released a report indicating that the IRS had used inappropriate criteria in reviewing organizations that applied for tax-exempt status. The IRS has stonewalled this request.

35.     CFEG also requested a list of the IRS rules and regulations which the IRS put out for public comment and related documents. No response to this FOIA was received from the IRS.

36.     Not one of these FOIA requests was acted upon by the IRS; except one partial response received in Case No. F15267-007 – *see* ¶ 82, *infra*; all received multiple extensions, which the IRS granted to itself, all in violation of the time requirements of FOIA.

37.     In an effort to obstruct Plaintiff from obtaining documents through FOIA, the IRS used various improper methods, including unreasonable delays.

38.     The tactics used by the IRS in failing to provide information and continuing to grant itself unreasonable extensions are not unlike the tactics recently found objectionable by TIGTA with regard to the targeting of taxpayers based on their political beliefs.

39.     In the targeting abuses, the IRS sought to chill the constitutionally protected speech of government critics by delaying, denying and revoking the tax-exempt status of numerous organizations.

40.     TIGTA initiated an audit of the IRS to investigate whether the IRS was using inappropriate criteria in reviewing applications for tax-exempt status.  The TIGTA Report, which was released on May 14, 2013, contains an extensive timeline of activities taking place at the IRS between 2010 and 2012 which show targeting abuses by the IRS.

41.     The IRS's tactics here, with regard to Plaintiff's FOIA requests aimed at exposing waste in the agency, mirror the tactics already found to be abusive by TIGTA with regard to the targeting based on political views.

42.     The FOIA requests sent by CFEG, and stonewalled by the IRS in the same manner that they stonewalled Conservative and Libertarian applications for tax-exempt status, included requests which would expose IRS targeting, IRS incompetency, IRS seizures of legitimate deposits from legitimate businesses, and the IRS's refusal to return the seized funds when no illegality could be shown.

43.     The FOIA requests also asked for documents showing how taxpayers critical of the IRS are treated.

44.     The IRS's continuous delays in providing information that may show IRS abuses or incompetency are therefore similar to the targeting abuses, which also involved unreasonable delays and which targeted conservative and or libertarian groups, many critical of the IRS.

45.     Delays prevent dissemination to the public of important information involving IRS waste and abuses.

46.     In 2009, President Obama issued a Memorandum for the Heads of Executive Departments and Agencies regarding the Freedom of Information Act clarifying that there is a presumption of disclosure for agency records and that agencies should be dedicated to openness and accountability.

47.     The memorandum made clear that, "[i]n responding to requests under the FOIA, executive branch agencies . . . should act promptly and in a spirit of cooperation, recognizing that such agencies are servants of the public," and that "[t]he Government should not keep

9

information confidential merely because public officials might be embarrassed by disclosure, because errors and failures might be revealed, or because of speculative or abstract fears."

48.     Yet the TIGTA report indicate that the IRS often fails to timely respond to FOIA requests and improperly withholds information.

49.     Plaintiff falls within the definition of the broad construction of representative of the news media as statutorily defined in 5 U.S.C. §552(a)(4)(A)(ii)(III).

50.     The U.S. Court of Appeals for the D.C. Circuit has noted that FOIA's legislative history requires broad interpretation of the critical phrase "representative of the news media," and any person or organization which regularly publishes or disseminates information to the public should qualify for waivers as a representative of the news media. *See Nat'l Sec. Archive v. U.S. Dep't of Defense*, 880 F.2d 1381, 1386 (D.C. Cir. 1989).

51.     Among the allegations addressed by the Sixth Circuit were the fact that the IRS used political criteria to round up applications for tax-exempt status filed by Tea Party groups and that the IRS often took four times as long to process Tea Party applications as other applications. *United States v. NorCal Tea Party Patriots*, No. 15-3793, 817 F.3d 953 (6th Cir. Mar. 22, 2016).

52.     The court referred to the TIGTA findings that "the IRS used political criteria to round up applications for tax-exempt status filed by so-called tea-party groups; that the IRS often took four times as long to process tea-party applications as other applications; and that the IRS served tea-party applicants with crushing demands for what the Inspector General called 'unnecessary information.'" *Id.* at 955.

53.     The Court also expressed dismay that the IRS continued its delay tactics in the course of the litigation:  "The lawsuit has progressed as slowly as the underlying applications

themselves: at every turn the IRS has resisted the plaintiffs' requests for information regarding the IRS's treatment of the plaintiff class, eventually to the open frustration of the district court." *Id.*

54.     The court stated, "Among the most serious allegations a federal court can address are that an Executive agency has targeted citizens for mistreatment based on their political views. No citizen – Republican or Democrat, socialist or libertarian – should be targeted or even have to fear being targeted on those grounds." *Id.*

55.     The egregious allegations recently addressed by the Sixth Circuit Court of Appeals on the targeting of conservative groups are of the same type addressed by FOIAs which are the subject of this Complaint.

56.     As part of its purpose to educate the public, contribute to civic dialogue, and promote government transparency, CFEG sent a number of FOIA requests to the IRS concerning how taxpayers who are critical of the IRS are treated, documents showing the treatment of taxpayers who speak to the media and are critical of the IRS, documents that would show that those who are critical of the IRS are given harsher treatment than those who are not critical, and documents and data pertaining to the seizure and forfeiture of taxpayers funds associated with legal structuring, where the IRS cannot show any illegal structuring of deposits under $10,0000.

57.     To date, the IRS has failed to comply with numerous FOIA requests from Plaintiff.

58.     The IRS granted itself numerous extensions, not authorized by FOIA, that have been pending since 2015 and one since January 2016.

## SPECIFIC ALLEGATIONS
## IRS FOIA CASE NO.: F15211-0075

59.     On July 28, 2015 CFEG sent a FOIA request to the IRS seeking documents and data pertaining to the seizure and forfeiture of taxpayers funds associated with legal structuring, where the IRS mistakenly seized money and/or documents from taxpayers.

60.     The FOIA also requested documents showing how taxpayers who are critical of the IRS are treated.

61.     The FOIA also asked for documents showing the treatment of taxpayers who speak to the media and are critical of the IRS.

62.     The FOIA asked for documents that would show that those who are critical of the IRS are given harsher treatment than those who are not critical.

63.     By letter dated August 27, 2015 Defendant acknowledged receipt of CFEG's request and assigned the request case number F15211-0075.  Defendant also informed counsel for CFEG that it extended the statutory response date to September 11, 2015 and unilaterally granted itself an additional unauthorized extension until October 30, 2015:

> Unfortunately, we will still be unable to locate and consider release of the requested records by September 11, 2015.  We have extended the response date to October 30, 2015 when we believe we can provide a final response.

64.     By letter dated October 30, 2015 (received on November 6, 2015), Defendant stated it was still working on the request and needed additional time to secure and review documents and informed counsel for CFEG that it would be in contact by January 29, 2016 if Defendant was unable to complete the request.

65.     CFEG received another letter from Defendant dated January 29, 2016 (received on February 5, 2016) stating that they were still working on the request and needed additional

time to obtain and review records and would contact counsel for CFEG by April 29, 2016 if they were still unable to complete the request.

66.     CFEG received another letter from IRS dated April 29, 2016 seeking more time as follows:

> On January 29, 2016 I asked for more time to obtain the records you requested.  I am still working on your request and need additional time to obtain and review the records.  I will contact you by July 1, 2016, if I am still unable to complete your request.

67.     CFEG received another letter from IRS dated July 1, 2016 seeking more time as follows:

> On April 29, 2016 I asked for more time to obtain the records you requested.  I am still working on your request and need additional time to obtain and review the records.  I will contact you by October 5, 2016, if I am still unable to complete your request.

68.     In this request, the IRS granted itself numerous extensions, totaling almost a year, and not a single document has been produced.

## IRS FOIA CASE NO.: F15211-0076

69.     On July 28, 2015 CFEG sent a FOIA request to IRS requesting a copy of the IRS's policy that prohibits the agency from awarding contracts to contractors and companies that have federal tax debt and felony convictions as well as the data showing the number of contracts awarded to companies that had federal tax debt for the years 2010-2015, among other documents.

70.     By letter dated August 27, 2015, Defendant acknowledged receipt of CFEG's request and assigned the request case number F15211-0076.  Defendant also informed counsel for CFEG that it extended the statutory response date to September 11, 2015 and unilaterally granted itself an additional unauthorized extension until October 30, 2015:

Unfortunately, we will still be unable to locate and consider release of the requested records by September 11, 2015.  We have extended the response date to October 30, 2015 when we believe we can provide a final response.

71.     By letter dated October 30, 2015 (received on November 6, 2015), Defendant stated it was still working on the request and needed additional time to secure and review documents, and it informed counsel for CFEG that it would be in contact by January 29, 2016 if it was unable to complete the request.

72.     CFEG received another letter from Defendant dated January 29, 2016 (received on February 5, 2016) stating that they were still working on the request and needed additional time to obtain and review records and would contact counsel for CFEG by April 29, 2016 if they were unable to complete the request.

73.     CFEG received another letter from IRS dated April 29, 2016 (received on May 9, 2016) seeking more time as follows:

On January 29, 2016, I asked for more time to obtain the records you requested. I am still working on your request and need additional time to obtain and review the records.  I will contact you by July 1, 2016, if I am still unable to complete your request.

74.     CFEG received another letter from IRS dated July 1, 2016 seeking more time as follows:

On April 29, 2016 I asked for more time to obtain the records you requested. I am still working on your request and need additional time to obtain and review the records.  I will contact you by October 5, 2016, if I am still unable to complete your request.

75.     In this request the IRS also granted itself almost a year in extensions and not one document has been produced.

**IRS FOIA CASE NO.: F15267–0007**

76.     On September 18, 2015 CFEG sent a FOIA request to the IRS seeking documents reflecting that the IRS will conduct thousands of fewer audits and will not pursue taxpayers who

owe less than $1 million in the year 2015, and that the IRS will lose $2 billion in uncollected revenue due to resource constraints for 2015, among other documents.

77.     The FOIA also requested copies of any recommendations made to the IRS in 2013, 2014, and 2015 from TIGTA on how the IRS could save money.

78.     The FOIA also asked for copies of any data or reports reflecting that the IRS paid out $17.7 billion in improper Earned Income Tax Credit payments for the year 2014.

79.     Additionally, the FOIA requested any data or reports reflecting how much money the IRS paid the law firm of Quinn Emanuel to assist in its review of Microsoft and any reports or memorandums reflecting that the hiring of the law firm of Quinn Emanuel may have violated Section 6103 of the Internal Revenue Code which prohibits the sharing of confidential tax return information.

80.     By letter dated October 13, 2015, Defendant acknowledged receipt of CFEG's request and assigned the request case number F15267-0007.  Defendant also informed counsel for CFEG that it extended the statutory response date to November 15, 2015 and unilaterally granted itself an additional unauthorized extension until December 14, 2015:

> Unfortunately, we will still be unable to locate and consider release of the requested records by November 5, 2015.  We have extended the response date to December 14, 2015 when we believe we can provide a final response.

81.     By letter dated December 11, 2015 (received on December 18, 2015), Defendant stated it was still working on the request and needed additional time to review the responsive documents.  Defendant informed counsel for CFEG that it would be in contact by March 14, 2016 if it was unable to complete the request.

82.     CFEG received another letter from Defendant dated March 14, 2016 (received on May 31, 2016) stating that no further action would be taken on items 5 and 6 of the Plaintiff's

FOIA pertaining to Quinn Emanuel because the requests extend to documents, which, to the extent they exist, consist of or contain the return information of a third party, are confidential, and may not be disclosed unless specifically authorized by law. In addition, Defendant stated in that letter, "We are still working on the request and need additional time to process items 1 through 4 of your request.  We will contact you by June 16, 2016 if we are unable to complete your request."

83.    CFEG received another letter from the IRS dated June 14, 2016 (received on June 22, 2016) seeking more time as follows:

> On March 14, 2016 I asked for more time to obtain the records you requested. I am still working on your request and need additional time to review the documents that are responsive to your request.    I will contact you by September 14, 2016, if I am still unable to complete your request.

84.    In this request the IRS granted itself numerous extensions, totaling almost a year, and not a single document has been produced.

## IRS FOIA CASE NO.: F15267–0133

85.    On September 22, 2015, CFEG sent a FOIA request to the IRS seeking documents and data reflecting the fact that the IRS spent $20 million responding to Congressional investigations in the years 2013-2015, that the IRS has a FOIA backlog which has increased by 300%, and reports and data reflecting that the IRS budget has been cut by 20% since 2010, among other documents.

86.    By letter dated October 22, 2015 (received on October 26, 2015), Defendant acknowledged receipt of CFEG's request and assigned the request case number F15267-0133. Defendant also informed counsel for CFEG that it extended the statutory response date to November 6, 2015 and unilaterally granted itself an additional unauthorized extension until December 29, 2015:

Unfortunately, we will still be unable to locate and consider release of the requested records by November 6, 2015.  We have extended the response date to December 29, 2015 when we believe we can provide a final response.

87.    CFEG received another letter from the IRS dated December 29, 2015 requesting more time to obtain the requested records.

88.    CFEG received another letter from the IRS dated February 29, 2016 (received on March 7, 2016) seeking more time as follows:

On December 29, 2015 I asked for more time to obtain the records you requested. I am still working on your request and need additional time to complete the document review process.  I will contact you by May 31, 2016, if I am still unable to complete your request.

89.    CFEG received another letter from Defendant dated May 31, 2016 (received on June 9, 2016) stating that they were still working on the request and needed additional time to complete the document review process and would contact counsel for CFEG by August 31, 2016 if they were unable to complete the request.

90.    In this request the IRS granted itself multiple extensions (from October 22, 2015 to August 31, 2016) totaling almost a year, and not one document has been produced.

**IRS FOIA CASE NO.: F16313–0030**

91.    On November 5, 2015 CFEG sent a FOIA request to the IRS seeking data reflecting how many subpoenas the IRS has issued to obtain taxpayers emails for each of the following years:  2009-2015, data reflecting the number of emails obtained by subpoenas for each of the following years:  2009-2015, and the data reflecting the number of warrants issued for emails for each of the following years:  2009-2015, among other data and documents.

92.    By letter dated December 8, 2015 (received on December 12, 2015), Defendant acknowledged receipt of CFEG's request and assigned the request case number F16313-0030. Defendant also informed counsel for CFEG that it extended the statutory response date to

December 23, 2015 and unilaterally granted itself an additional unauthorized extension until February 29, 2016:

> Unfortunately, we will still be unable to locate and consider release of the requested records by December 23, 2015. We have extended the response date to February 29, 2016 when we believe we can provide a final response.

93.     CFEG received another letter from Defendant dated February 16, 2016 (received on February 20, 2016) stating that they were still working on the request and needed additional time to gather and review the documents that are responsive to the request and would contact counsel for CFEG by June 1, 2016 if they were unable to complete the request.

94.     CFEG received another letter from Defendant dated May 24, 2016 (received on May 28, 2016) stating that they were still working on the request and needed additional time to gather and review the documents that are responsive to the request and would contact counsel for CFEG by August 5, 2016 if they were unable to complete the request.

95.     In this request the IRS has granted itself multiple extensions, totaling about nine months, and not one document has been produced.

## <u>IRS FOIA CASE NO.: F16309–0082</u>

96.     On November 3, 2015 CFEG sent a FOIA request to the IRS seeking data and documents pertaining to the IRS's use of Stingray surveillance technology (cell-site simulators which gather cellphone data by imitating a cell tower) for the years 2008-2015, among other data and documents.

97.     By letter dated December 3, 2015 (received on December 7, 2016), Defendant acknowledged receipt of CFEG's request and assigned the request case number F16309-0082. Defendant also informed counsel for CFEG that it extended the statutory response date to December 18, 2015 and unilaterally granted itself an additional unauthorized extension until February 29, 2016:

> Unfortunately, we will still be unable to locate and consider release of the requested records by December 18, 2015.  We have extended the response date to February 29, 2016 when we believe we can provide a final response.

98.     CFEG received another letter from Defendant dated February 29, 2016 (received on March 7, 2016) stating that they were still working on the request and needed additional time to collect and review the documents and would contact counsel for CFEG by May 31, 2016 if they were unable to complete the request.

99.     CFEG received another letter from Defendant dated May 31, 2016 (received on June 9, 2016) stating that they were still working on the request and needed additional time to collect and review the documents, complete the document review process, and would contact counsel for CFEG by August 31, 2016 if they were unable to complete the request.

100.    In this request the IRS granted itself multiple extensions, totaling about nine months, and not one document has been produced.

## IRS FOIA CASE NO.: F16328–0059

101.    On November 20, 2015 CFEG sent a FOIA request to the IRS seeking data and documents reflecting that the IRS has improperly withheld information in about 12% of FOIA requests for the years 2011-2015.

102.    By letter dated December 16, 2015 (received on December 21, 2015), Defendant acknowledged receipt of CFEG's request and assigned the request case number F16328-0059. Defendant also informed counsel for CFEG that it extended the statutory response date to January 8, 2016 and unilaterally granted itself an additional unauthorized extension until February 29, 2016:

> Unfortunately, we will still be unable to locate and consider release of the requested records by January 8, 2015 [sic].  We have extended the response date to February 29, 2016 when we believe we can provide a final response.

103.    CFEG received another letter from Defendant dated February 29, 2016 (received on March 4, 2016) stating that they were still working on the request and needed additional time to locate all the requested documents and would contact counsel for CFEG by May 20, 2016 if they were unable to complete the request.

104.    CFEG received another letter from Defendant dated May 20, 2016 (received on June 6, 2016) stating that they were still working on the request and needed additional time to locate all of the requested documents and would contact counsel for CFEG by August 5, 2016 if they were unable to complete the request.

105.    In this request the IRS granted itself multiple extensions, totaling almost nine months, and not one document has been produced.

### IRS FOIA CASE NO.: F16012–0109

106.    On January 8, 2016 CFEG sent a FOIA request to the IRS seeking data reflecting the number of non-profit organizations, including those organized under 501(c)(3) and (c)(4), whose exempt status was revoked by the IRS for each of the following years: 2008-2015, among other data and information.

107.    By letter dated February 1, 2016 Defendant acknowledged receipt of CFEG's request and assigned the request case number F16012-0109. Defendant also informed counsel for CFEG that it extended the statutory response date to February 25, 2016 and unilaterally granted itself an additional unauthorized extension until May 10, 2016:

> Unfortunately, we will still be unable to locate and consider release of the requested records by February 25, 2016.  We have extended the response date to May 10, 2016 when we believe we can provide a final response.

108.    CFEG received another letter from Defendant dated May 6, 2016 (received on May 9, 2016) stating that they were still working on the request and needed additional time to

process the request and would contact counsel for CFEG by August 10, 2016 if they were unable to complete the request, again without any statutory basis for the unilateral extension.

109.    In this request the IRS granted itself multiple extensions, totaling about seven months, and not one document has been produced.

### IRS FOIA CASE NO.: F16362–0096

110.    On December 18, 2015 CFEG sent a FOIA request to the IRS seeking a list of the IRS rules and regulations which the IRS put out for public comment, a list of those which it did not put out for public comment under the Administrative Procedure Act for the years 2008-2015, and a copy of the policy or rule which the IRS follows when deciding whether or not a proposed rule or regulation is put out for public comment under the Administrative Procedure Act for the years 2008-2015, among other data and documents.

111.    By letter dated January 26, 2016 (received on February 9, 2016), Defendant acknowledged receipt of CFEG's request and assigned the request case number F16362-0096. Defendant also informed counsel for CFEG that it extended the statutory response date to February 9, 2016 and unilaterally granted itself an additional unauthorized extension until April 20, 2016:

> Unfortunately, we will still be unable to locate and consider release of the requested records by February 9, 2016.  We have extended the response date to April 20, 2016 when we believe we can provide a final response.

112.    CFEG received another letter from Defendant dated April 25, 2016 (received on May 2, 2016) stating that they were still working on the request and needed additional time to locate all of the requested documents and would contact counsel for CFEG by June 10, 2016 if they were unable to complete the request.

113.    CFEG received another letter from Defendant dated June 10, 2016 (received on June 15, 2016) stating that they were still working on the request and needed additional time to

locate all of the requested documents and would contact counsel for CFEG by August 10, 2016 if they were unable to complete the request.

114.    In this request the IRS granted itself multiple extensions, totaling about eight months, and no documents have been produced.

115.    As of the date of this Complaint, Defendant has failed to:  (i) determine whether to comply with the requests; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise CFEG of the right to appeal any adverse determination; and/or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production, except with regard to case number 15267-0007, where the Defendant partially responded to Plaintiff's FOIA by stating that items 5 and 6 were confidential and may not be disclosed unless authorized by law and that no further action would be taken by Defendant on these items. *See* supra ¶ 82.

116.    As of the date of this Complaint, the unauthorized multiple extensions do not say they will comply by the extended date but simply say they will contact Plaintiff again if another extension is needed.

117.    Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
## (Violation of FOIA, 5 U.S.C. § 552)

118.    Plaintiff re-alleges paragraphs 1 through 117 as if fully stated herein.

119.    Defendant is unlawfully withholding records requested by Plaintiff under FOIA.

120.    FOIA requires an agency to respond to a request for records within 20 days with only a limited ability to extend the time period for ten working days or to confer with the requester to arrange for a different timeframe.  5 U.S.C. § 552(a)(6)(A).

121.    Defendant has unreasonably delayed and failed to produce the requested records within the statutorily-mandated deadlines in every single FOIA request made by Plaintiff.

122.    Defendant has unilaterally granted itself numerous extensions to respond to the requests, beyond those statutorily allowed, in every single FOIA request made by Plaintiff.

123.    All but one of the FOIA requests date back to 2015, one dates back to January 8, 2016, and not one has been responded to by Defendant.

124.    Plaintiff has a statutory right to the records it seeks, and the IRS has no legal basis to withhold the records that are responsive to Plaintiff's requests.

125.    CFEG is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to their FOIA requests, and CFEG will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law because, as a public interest group, CFEG will be unable to expose waste, negligence, inefficiency, and possible criminal conduct by the IRS or initiate litigation if such IRS malfeasance is uncovered.

126.    As a result of Defendant's obstructionist conduct, CFEG will be unable to disseminate the information of IRS waste, negligence, inefficiency, and other possible misconduct to the public and to Congress, thereby depriving CFEG of its rights under FOIA.

WHEREFORE, Plaintiff respectfully requests that the Court:  (1) order Defendant to conduct a search, forthwith, for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of

records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

August 12, 2016                                CARLTON FIELDS JORDEN BURT, P.A.

                                               By: /s/ Michael Pasano
                                               MICHAEL S. PASANO
                                               D.C. Bar No.: 943449
                                               100 S.E. Second Street, Suite 4200
                                               Miami, FL 33131
                                               Telephone:    305-530-0050
                                               E-mail:       mpasano@carltonfields.com

                                                      and

                                               KENNETH V. HEMMERLE, II, P.A.

                                               By: /s/ Kenneth V. Hemmerle, II
                                               KENNETH V. HEMMERLE, II
                                               Florida Bar No.: 0841020
                                               *(pro hac vice to be submitted)*
                                               1322 N.E. 4th Avenue, Suite E
                                               Fort Lauderdale, FL 33304
                                               Telephone:    954-768-9116
                                               Facsimile:    954-768-9117
                                               E-mail:       KVHIILAW@aol.com

                                               *Attorneys for Plaintiff Committee for Efficient Government,*